UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ELAINE L. CHAO, SECRETARY OF LABOR,<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>BERKSHIRE PLACE, LTD,<br><br>Defendant. | CIVIL ACTION<br><br>FILE NO. 07-004ML |

**PLAINTIFF'S PRE-TRIAL CONFERENCE STATEMENT**

Plaintiff Elaine L. Chao, Secretary of Labor, U.S. Department of Labor, submits this Statement in connection with the Court's April 17, 2007 Pre-Trial Conference, pursuant to the Court's March 23, 2007 Notice of Pre-Trial Conference.

The Wage and Hour Division of the U.S. Department of Labor ("Wage and Hour Division") conducted an investigation of a 165-bed nursing home operated by defendant in Providence, Rhode Island, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "Act"). There are three floors housing patients, including a floor for patients with Alzheimer's disease. The Wage and Hour Division found that defendant failed to compensate a total of 147 hourly employees for all hours worked. The affected employees are primarily nurses, certified nursing assistants ("CNA's") and medical technicians ("med techs"). Defendant's failure to properly compensate these employees results in overtime back wages due in the amount of $209,671.48 as of December 17, 2005, the end of the two-year investigatory period.

Specifically, Defendant failed to compensate nurses, CNA's and med techs for time worked prior to and after their scheduled shifts. These employees worked pre- and post-shift hours in order to complete their work, for example completing mandatory medication counts at the end of a shift. Since defendant's employees punched in and out by swiping a card in an electronic timekeeping system, defendant has a record of true punch-in and punch-out times. However, defendant routinely altered the so-called punch detail upon which payroll was based, denying compensation for pre-and post-shift hours worked, (in so doing altering records of hours worked required by the Act).[1] Some employees complained to management about this practice.

Defendant also failed to pay overtime to many nurses, and to some extent CNA's and med techs, as a result of meal breaks deducted from pay but not taken. Defendant automatically deducts a half-hour for meal breaks for each shift worked, yet certain employees did not take a meal break due to the press of work. Many employees effectively worked through their shift, some eating while performing paperwork. While defendant has a general rule that meal breaks should be taken, the fact of numerous meal breaks not taken was known and obvious. Also, defendant failed to record when meal breaks were not taken, resulting in inaccurate records of hours worked. Accordingly, plaintiff has reconstructed hours worked where necessary in calculating back wages due.

A third category of defendant's failure to pay proper overtime to employees involves a number of miscellaneous issues, such as misclassifying as exempt a non-exempt employee, failure to include shift differential pay in figuring overtime pay, failure to combine different work performed in the same week for overtime purposes, and other deficiencies.

---

[1] Defendant has forms for employees to request permission to work outside of the scheduled shift. Plaintiff's position is that defendant knew of and allowed the hours at issue to be worked regularly without the submission of these form by employees. Defendants neither required employees to cease the work, nor insisted that the forms be submitted, and paid no compensation. Moreover, the futility of submitting these request forms is demonstrated by defendant's regular practice of changing the punch detail to wipe out overtime worked.

On January 4, 2007, plaintiff filed her Complaint in this action. The Complaint seeks an injunction restraining defendant from violating the overtime and recordkeeping provisions of the Act, and an order requiring the payment of unpaid wages due and an equal amount in liquidated damages, under Sections 17 and 16(c) of the Act. Plaintiff notes that while plaintiff has calculated back wages due for the two-year investigatory period, there may be back wages that continued to accrue after this period. Plaintiff contends that overtime back wages are due, and that employees clearly were suffered or permitted under the Act to work the hours in question. Finally, regarding the meal break issue, whether one applies the "completely relieved from duty" test[2] or the "predominantly for the benefit of the employee" test, plaintiff contends that the constant work and interruptions makes the meal time at issue compensable under either standard.

Respectfully submitted,

Jonathan L. Snare
Acting Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

*/s/ James Glickman*
James Glickman
Senior Trial Attorney

U.S. Department of Labor
Attorneys for Plaintiff

Post Office Address:
U.S. Department of Labor
Office of the Regional Solicitor
JFK Federal Building - Room E-375
Boston, Massachusetts 02203
TEL: (617) 565-2500
FAX: (617) 565-2142

Date: April 10, 2007

[2] This test is contained in 29 C.F.R. § 785.19(a).